IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WELLS FARGO PRACTICE FINANCE, a division of Wells Fargo Bank, N.A.,<br><br>Plaintiff,<br><br>v.<br><br>IRSENIA NORFLEET, D.D.S., P.C. and IRSENIA C. NORFLEET,<br><br>Defendants. | No. 11 CV 1696<br><br>Judge Joan H. Lefkow |

## OPINION AND ORDER

Wells Fargo Practice Finance ("WFPF"), a division of Wells Fargo Bank, N.A., filed a four count complaint against Irsenia Norfleet, D.D.S., P.C. ("Norfleet DDS PC") and Irsenia Norfleet. Count I asserts a claim for breach of contract against Norfleet DDS PC. Count II asserts a claim for breach of guaranty against Irsenia Norfleet. Counts III and IV assert claims for replevin and detinue. Before the court is WFPF's motion for summary judgment on Counts I and II pursuant to Federal Rule of Civil Procedure 56(c). For the following reasons, the motion [#18] will be granted.[1]

---

[1] This court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the facts that give rise to WFPF's claims occurred in this district and because defendants are subject to personal jurisdiction in this district.

# SUMMARY JUDGMENT STANDARD

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To determine whether any genuine issue of fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed. R. Civ. P. 56(c) & advisory committee's notes. The party seeking summary judgment bears the initial burden of proving that there is no genuine issue of material fact. *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In response, the nonmoving party cannot rest on mere pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue at trial. *Id.* at 324; *Insolia* v. *Phillip Morris Inc.*, 216 F.3d 596, 598–99 (7th Cir. 2000). Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver* v. *Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the court must construe all facts in a light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

# RELEVANT FACTS

WFPF is an operating division of Wells Fargo Bank, N.A., and its principal place of business is in California. WFPF is the successor in interest to Matsco, formerly a division of Greater Bay Bank, N.A., formerly known as The Matsco Companies, formerly a division of Cupertino National Bank, successor in interest to Matsco Financial Corporation (collectively referred to as "Matsco").

Norfleet DDS PC is an Illinois corporation with its principal place of business in Chicago. Irsenia Norfleet is a citizen of Illinois with an address in Chicago.

On October 16, 2001, Irsenia Norfleet and Matsco entered into a Master Equipment Financing Agreement (the "Master Agreement"). (Marsh Aff. Ex. A.)[2] The terms of the Master Agreement cover all equipment that is subsequently described in any schedule to the Master Agreement. (*Id.* ¶ 1.) The Master Agreement states that Irsenia Norfleet shall be considered in default under the agreement if she fails to pay any amount or perform any obligation due under the Master Agreement or any schedule to the Master Agreement. (*Id.* ¶ 16.)

On March 31, 2006, Norfleet DDS PC and Matsco entered into a Progress Payment Agreement wherein Matsco agreed to finance Norfleet DDS PC's acquisition of equipment. (Marsh Aff. Ex. C.) Pursuant to the terms of the Progress Payment Agreement, Norfleet DDS PC would submit purchase orders to its vendors and cause its vendors to invoice Matsco. (*Id.* ¶ 2.) Norfleet DDS PC granted Matsco a blanket security in all its equipment, inventory, accounts, chattel paper, contract rights, deposit accounts and general intangibles. (*Id.* ¶ 5(b).) Matsco perfected its blanket security interest in Norfleet DDS PC's assets by filing its UCC-1 Financing Statement with the Secretary of State of Illinois on March 20, 2006. (Marsh Aff. Ex. D.)

Also on March 31, 2006, Irsenia Norfleet signed a secured guaranty whereby she personally guaranteed all of Norfleet DDS PC's obligations under any equipment financing

---

[2] The original Master Agreement number was 201127201. (Marsh Aff. Ex. A.) Matsco subsequently notified Norfleet DDS PC that it had changed the number of the Master Agreement to 0143316. (Marsh Aff. Ex. B.)

agreement, lease, schedule, promissory note, or other financial transaction with Matsco. (Marsh Aff. Ex. E.)

On October 12, 2006, Matsco entered into an Assumption Agreement with Irsenia Norfleet, as assignor, and Norfleet DDS PC, as assignee. (Marsh Aff. Ex. F.) Norfleet DDS PC agreed to assume all of Irsenia Norfleet's obligations and liabilities under the Master Agreement and schedules thereto. (*Id.*)

On February 1, 2009, Norfleet DDS PC and Matsco entered into Schedule No. 0143316-901 to the Master Agreement (the "Lease Schedule"). (Marsh Aff. Ex. G.) Matsco agreed to give Norfleet DDS PC an advance of $254,079.97, to be repaid over a period of 133 months. Norfleet DDS PC agreed to make monthly payments as follows: three consecutive payments of $0.00, followed by six consecutive payments of $2,050.00, followed by 123 consecutive payments of $3,277.67, followed by one final payment of $2,642.73. Norfleet DDS PC and Matsco agreed that the Lease Schedule was part of the Master Agreement and was subject to all of the Master Agreement's provisions, with the exception of the payment schedule specified in the Lease Agreement. (*See id.* ¶ 1.)

Norfleet DDS PC failed to make a payment due under the Lease Schedule on October 1, 2010, as well as all payments due thereafter. WFPF has fully performed its obligations under the Master Agreement and Lease Schedule. The total principal balance owed by Norfleet DDS PC is $368,742.77. Norfleet DDS PC has also accrued late charges in the amount of $2,949.93. WFPF has incurred $8,306.28 in attorney's fees and costs by attempting to enforce its rights under the Master Agreement. (Marsh Aff. Ex. I.)

WFPF has demanded payment from Norfleet DDS PC. WFPF has not been able to secure possession of the equipment, which is believed to be located at 10125 S. Western Avenue, Chicago, Illinois 60643.

**ANALYSIS**

**I.     Compliance with Local Rule 56.1**

Before discussing the merits of WFPF's motion for summary judgment, the court must address the adequacy of defendants' response. Local Rule 56.1(a) requires the party seeking summary judgment to submit, among other things, a statement of material facts. The non-moving party must submit a concise response to the movant's statement of facts. L.R. 56.1(b)(3)(B). "[W]hen a responding party's statement fails to controvert the facts as set forth in the moving party's statement in a manner dictated by the rule, those facts shall be deemed admitted for purposes of the motion." *Smith* v. *Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Although defendants are represented by counsel and were served with notice of WFPF's motion for summary judgment, they have not submitted any response. Thus, WFPF's statement of material facts is deemed admitted under Local Rule 56.1. *See Smith*, 321 F.3d at 682–83. Defendants' failure to respond does not automatically result in judgment for WFPF, however; the court must still determine whether WFPF is entitled to summary judgment by evaluating its claims. *See Raymond* v. *Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006).

**II.    Breach of Contract Claim Against Norfleet (Count I)**

Count I alleges that Norfleet DDS PC has breached the Lease Schedule and Master Agreement. The court applies California law to WFPF's claim in accordance with the choice of

5

law provision in the applicable agreements.[3] *See WTM, Inc.* v. *Henneck*, 125 F. Supp. 2d 864, 867 (N.D. Ill. 2000); *Hengel, Inc.* v. *Hot N'Now, Inc.*, 825 F. Supp. 1311, 1315 (N.D. Ill. 1993) (Williams, J.). In order to succeed under a breach of contract theory, a plaintiff must demonstrate (1) that there was enforceable contract, (2) that it performed its obligations under the contract, (3) the defendant's breach, and (4) damages. *Oasis W. Realty, LLC* v. *Goldman*, 250 P.3d 1115, 1121 (Cal. 2011); *Amelco Elec.* v. *City of Thousand Oaks*, 38 P.3d 1120, 1129–30 (Cal. 2002).

The record indicates that the Master Agreement and Lease Schedule are valid contracts. Defendants do not contest WFPF's assertion that it performed its obligations under these contracts. Norfleet DDS PC breached the Lease Schedule by failing to make a required monthly payment on October 1, 2010 and by failing to make all payments thereafter. By virtue of the Assumption Agreement, Norfleet DDS PC agreed to assume all of Irsenia Norfleet's obligations under the Master Agreement and it is therefore in default under the Master Agreement. WFPF incurred damages of $371,692.70, which is the amount owed by Norfleet DDS PC under the Master Agreement and Lease Schedule. Accordingly, WFPF's motion for summary judgment as to Count I will be granted.

### III. Claim of Breach of Personal Guaranty Against Irsenia Norfleet (Count II)

WFPF asserts that Irsenia Norfleet is liable for Norfleet DDS PC's obligations under the Master Agreement and Lease Schedule. The secured guaranty agreement, like the other agreements at issue, is governed by California law. (*See* Marsh Aff. Ex. E.) Irsenia Norfleet does not contest that the secured guaranty is a valid agreement. By its terms, it establishes her

---

[3] *See* Marsh Aff. Ex. A ¶ 23; Marsh Aff. Ex. B ¶ 13.

liability for Norfleet DDS PC's obligations under the Lease Schedule and Master Agreement. *See* Cal. Civ. Code §§ 2807, 2787; *River Bank Am.* v. *Diller*, 45 Cal. Rptr. 2d 790, 797 (Cal. Ct. App. 1995) ("[G]uaranty contracts are construed according to the same rules as those used for other contracts, with a view to ascertaining the intent of the parties."). Irsenia Norfleet does not contest that she has failed to pay the amounts owed by Norfleet DDS PC. Therefore Irsenia Norfleet, like Norfleet DDS PC, is in default under the Master Agreement. *See Cent. Bldg., LLC* v. *Cooper*, 26 Cal. Rptr. 3d 212, 216 (Cal. Ct. App. 2005) ("When a guaranty agreement incorporates another contract, the two documents are read together and construed fairly and reasonably as a whole according to the intention of the parties." (citations and quotations omitted)). WFPF's motion for summary judgment as to Count II will be granted.

Because Norfleet DDS PC and Irsenia Norfleet are in default under the Master Agreement, WFPF is entitled to payment of the full amount owed under the Lease Schedule, including service fees and interest and attorney's fees and costs. (*See* Marsh Aff. Ex. A ¶¶ 16–18.)

## CONCLUSION AND ORDER

WFPF's motion for summary judgment [#18] is granted. Judgment will be entered in favor of WFPF as to Counts I and II of the complaint. WFPF will be entitled to judgment in the amount of $371,692.70, which is the principal plus late charges owed under the Master Agreement and Lease Schedule. WFPF will also be entitled to attorney's fees and costs. Defendants are directed to file any objections to WFPF's itemization of attorney's fees and costs

by April 24, 2012.  (*See* Marsh. Aff. Ex. I.)  This case is set for a status hearing on April 24, 2012 at 8:30 a.m.

Dated: March 21, 2012               Enter: _____
                                         JOAN HUMPHREY LEFKOW
                                         United States District Judge